ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 WEST STOCKER STREET STE "B"
GLENDALE, CALIFORNIA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KAREN VAHANYAN, an individual
        Plaintiff, vs.
  UNIFUND CORPORATION, An Ohio
Corporation; THE MOORE LAW
GROUP, A California Company;
REDLINE RECOVERY SERVICES,
LLC, A Georgia Company;
NORTHLAND GROUP, INC., A
Minnesota Corporation; UNITED
COLLECTION BUREAU, INC., An
Ohio Corporation; CONVERGENT
OUTSOURCING a/k/a ER
SOLUTIONS, A Washington
Corporation; SOUTHWEST CREDIT
SYSTEMS, L.P., A Texas Limited
Partnership; ENHANCED RECOVERY
COMPANY, LLC, A Florida Limited
Liability Company; COLLECTION
COMPANY OF AMERICA a/k/a EOS
CCA a/k/a COLLECTO INC., A
Massachusetts Corporation; I.C.
SYSTEM, INC A Minnesota
Corporation;
        Defendants.

Case No.: 2:12-cv-01849-DMG-(CWx)

**PLAINTIFF'S MOTION TO STRIKE THE
ANSWER OF THE MOORE LAW
GROUP**

**Date: July 06, 2012**
**Time: 9:30 a.m**
**Courtroom: 7 -  2nd Floor**
**Judge: Hon. Dolly M. Gee**

**NOTICE TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

On July 6, 2012, at 9:30 am or as soon thereafter as the matter may be heard in Courtroom 7-2[nd]

Floor, Plaintiff KAREN VAHANYAN, will move the court for an order striking THE MOORE

LAW GROUP's answer.

NOW COMES Plaintiff KAREN VAHANYAN ("Plaintiff") and respectfully moves this Honorable Court to enter an Order Striking the Answer or alternatively certain portions of the Answer of Defendant, THE MOORE LAW GROUP ("TMLG") as follows:

**I.**

On May 18, 2012, TMLG filed an Answer in this cause which stated a number of alleged defenses. Certain defenses raised in the Answer are not grounded in law, and are insufficient, immaterial, and impertinent.

**II.**

Pursuant to the Federal Rules of Civil Procedure12(f), Plaintiff respectfully moves this Honorable Court to strike the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth  Affirmative Defenses raised by TMLG for the reasons shown herein and in the attached Memorandum in Support of this Motion to Strike submitted by Plaintiff.

**III.**

Plaintiff shows that this Honorable Court is entitled to enter an Order Striking the entire Answer and compel TMLG to re-plead its Answer if it finds appropriate or, alternatively, to enter an Order Striking those certain defenses from the Answer of TMLG.

WHEREFORE PLAINTIFF PRAYS that this Honorable Court, after due proceedings, enter an order striking the Answer of TMLG in whole or in part, as requested by Plaintiff herein pursuant to Rule 12 of the Federal Rules of Civil Procedure.


Dated: June 8, 2012                          Respectfully submitted,

                                             _____
                                             ARSHAK BARTOUMIAN, Attorney for Plaintiff

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 WEST STOCKER STREET STE "B"
GLENDALE, CALIFORNIA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN VAHANYAN, an individual<br>Plaintiff, vs.<br> UNIFUND CORPORATION, An Ohio Corporation; THE MOORE LAW GROUP, A California Company; REDLINE RECOVERY SERVICES, LLC, A Georgia Company; NORTHLAND GROUP, INC., A Minnesota Corporation; UNITED COLLECTION BUREAU, INC., An Ohio Corporation; CONVERGENT OUTSOURCING a/k/a ER SOLUTIONS, A Washington Corporation; SOUTHWEST CREDIT SYSTEMS, L.P., A Texas Limited Partnership; ENHANCED RECOVERY COMPANY, LLC, A Florida Limited Liability Company; COLLECTION COMPANY OF AMERICA a/k/a EOS CCA a/k/a COLLECTO INC., A Massachusetts Corporation; I.C. SYSTEM, INC A Minnesota Corporation;<br>Defendants. | Case No.: 2:12-cv-01849-DMG-(CWx)<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE ANSWER OF THE MOORE LAW GROUP.** |

MAY THIS PLEASE THE COURT:

Plaintiff, KAREN VAHANYAN, respectfully submits the following Memorandum In Support of his motion to Strike the Answer of THE MOORE LAW GROUP ("TMLG"), as follows:

Plaintiff brought his lawsuit against TMLG and its codefendants for unlawful attainment and review of his credit reports. Plaintiff's Complaint sets forth the facts leading to this action. TMLG and each one of its co-defendants is a debt collection company as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c) and they each pulled Plaintiff's credit report on at least one occasion without a permissible purpose and for mere reason of gaining information and unfair advantage on Plaintiff to assist them in their decision or attempts to collect. As discussed in Plaintiff's Complaint, Plaintiff suffered adverse effects to his credit which consequently and foreseeable followed the placement of credit inquiries by TMLG and its codefendants; the inquiries damaged Plaintiff's credit report and score and defamed Plaintiff in the eyes of his current and potential creditors, resulting in loss of credit and financing.

Plaintiff respectfully asserts that this Honorable Court should strike the First Defense raised by TMLG.  TMLG suggests that Plaintiff's Complaint failed to state a claim upon which relief can be granted, which is not only untrue, but also not a proper defense to be used in an Answer.  Ordinarily, if a defendant believes that a Plaintiff has failed to state a cause of action upon which relief can be granted, then they have the option and generally proceed with a Motion to Dismiss pursuant to Rule 12(b) (6) of The Federal Rules of Civil Procedure and explain what deficiencies they believe the case contains.  In this case, TMLG did not file such a Motion and instead chose to answer the Complaint and inaccurately bring failure to state a claim as an affirmative defense. Plaintiff's Complaint does in fact state a cause of action against TMLG and its codefendants identified in the Complaint which entitle his to actual and statutory damages, among other relief, upon proof at trial.

Plaintiff respectfully submits that this Honorable Court should strike the Second Defense of TMLG's Answer. TMLG suggests that "The FCRA §1681b specifically allows [TMLG] to pull Plaintiff's credit report in connection with its collection of a delinquent credit card account on behalf of its client." While FCRA §1681b is a section on permissible purposes for credit review, it does not contain express or implied language referring an unconditional right of credit review for collections to third party debt collectors such as TMLG. In fact, the section requires that even credit reviews made for purposes of "collection of an account" be made in connection

with a credit transaction between the consumer and the party pulling the consumer's credit report. In its Answer, TMLG fails to address how it is related to any alleged account or debt of Plaintiff or how it satisfies the requirements of FCRA §1681b to claim its credit review was made with a permissible purpose under the Act.

Plaintiff respectfully asserts that this Honorable Court should strike the Third Defense raised by TMLG, through which TMLG claims it "acted with good faith and honesty of purpose", although the issue of "good faith" is not identified as part of the defense to any specific conduct of TMLG. Also, as it was established and will be further proved at trial, TMLG's credit review was made without communication to Plaintiff about any debt and was made for mere purpose of analyzing Plaintiff's personal and financial information to gain unfair-advantage prior to starting its pursuit for collections and litigation against Plaintiff. TMLG has failed to and cannot show good faith in such conduct. TMLG's violations were not negligent errors but rather a routine part of its collection business, which primarily involves litigations, made willfully and with intent to use it as a collection tool to determine whether to litigate to coerce Plaintiff into payment. As with other portions of its Answer, TMLG has sought to inject confusion and unnecessary and irreverent defenses in surplus language which is inappropriate.  If permitted to stand, these matters will create confusion in this litigation.  This case is to be tried by a jury. Plaintiff respectfully asserts that the purported defense of "acting in good faith" is not a defense to any of the actions plead.

Plaintiff respectfully asserts that this Honorable Court should strike the Fourth Defense of Justifiable Conduct raised by TMLG on grounds that intent and clear statutory violations were established in Plaintiff's Complaint and Plaintiff is entitled to private right of remedy, specifically recovery of actual damages sustained as a result of TMLG's misconduct. TMLG's reliance on its misperception that FCRA and CCRAA provide for unlimited and unconditional credit reviews hardly constitutes as defense that justifies its conduct.

Plaintiff respectfully asserts that this Honorable Court should strike the Fifth Defense raised by TMLG, whereas TMLG contends that any injuries sustained by Plaintiff were not proximately caused by any acts or omissions of TMLG. This defense is not well grounded in fact

or law. Plaintiff does clearly identify that the credit inquiries of Defendants, collectively, caused substantial damages to his credit score and separately each credit inquiry of each individual Defendant, TMLG inclusive, negatively reflected upon Plaintiff as a consumer, borrower and unjustly labeled him as a debtor.

Plaintiff respectfully asserts that this Honorable Court should strike the Sixth Defense raised by TMLG as it is insufficient. TMLG contends that Plaintiff's injuries were the result of his own failures or the failures of those acting on his behalf without showing proximate cause between Plaintiff's claims of damages sustained and any alleged failures of Plaintiff that resulted in such damages. Among other relief, Plaintiff seeks recovery for damages sustained to his credit as a result of TMLG's unlawful credit review of his credit file; TMLG fails to show how Plaintiff is responsible for its inquiry or of the adverse effect it had on Plaintiff's credit, when Plaintiff did not even know of TMLG at the time it decided to pull his credit.

Plaintiff respectfully asserts that this Honorable Court should strike the Seventh Defense of Active and Primary Fault raised by TMLG since it is not well grounded in law and is insufficient. TMLG's assertion of "Active and Primary Fault" is not a part of a defense to any specific claims made, it is very vague and it fails to identify how Plaintiff is responsible for the damages sustained.

Plaintiff respectfully asserts that this Honorable Court should strike the Eight Defense of Fault of Others raised by TMLG. TMLG suggests that the injuries and damages sustained by Plaintiff were directly and proximately caused by the actions of others. This defense is not well grounded in fact or law. Plaintiff's Complaint is primarily based on the conduct of TMLG and its codefendants in unlawfully attaining and reviewing his credit information for which they alone carry the responsibility. As for Plaintiff's claims of damages sustained to his credit report and the resulting financial loss sustained, TMLG is not solely, but along with its codefendants, it is jointly and severely liable for those damages claimed and the remedies sought in the Complaint. Taken individually, TMLG and the remaining Defendants are each responsible for their own conduct of unlawful credit review, and in addition to causing actual damages, they each should be held liable for their own statutory violations. Thus, it is inconceivable to imagine how the

damages sustained by the Plaintiff were the direct and proximate cause of the actions of others to the extent that the Plaintiff's credit reports reflect the credit inquiry that resulted from TMLG's unlawful credit review.

Plaintiff respectfully asserts that this Honorable Court should strike the Ninth Defense raised by TMLG. TMLG's assertion that Plaintiff's Complaint was brought in bad faith and for purposes of harassment is a baseless allegation that fails to bring into evidence any supporting proof for such claims. In fact, as alleged in Plaintiff's Complaint, Plaintiff upon discovery of the unlawful credit reviews made multiple good will attempts to communicate to Defendants and each one of them directly, TMLG inclusive, in efforts to get answers to his concerns and resolve this matter amicably. Plaintiff filed his Complaint against TMLG only after several months of correspondences, patience and unsuccessful attempts to get TMLG's response and cooperation with respect to his disputes and requests.

Plaintiff respectfully asserts that this Honorable Court should strike the Tenth Defense raised by TMLG, whereas TMLG asserts that Plaintiff's Complaint Fails to State Facts. Plaintiff has stated the date of TMLG's credit review and established that it was made without a permissible purpose pursuant to 15 U.S.C. §1681b, thereby subjecting TMLG to liability for the statutory violation of unlawful credit review among other claims and damages. TMLG is not specific as to what facts are missing to support Plaintiff's claims and exactly which cause of action is not supported with sufficient facts.

Plaintiff respectfully asserts that this Honorable Court should strike the Eleventh Defense raised by TMLG, whereas TMLG asserts that Plaintiff's Complaint Fails to Plead Damages. TMLG's assertions are baseless since Plaintiff has stated in his Complaint that as a result of TMLG's conduct and the conduct of its codefendants, Plaintiff has sustained substantial decrease in his credit, which in effect resulted in monetary losses arising from denials of attempts to obtain credit cards and loans, loss of use of available funds, loss of credit and loan opportunities or alternatively only availability of credit cards with higher interest rates and finance charges. Among other relief, Plaintiff has also plead the Court for statutory and punitive damages, and injunctive relief ordering the deletion of the credit inquiries made by TMLG and its

codefendants. Plaintiff established proximate cause between TMLG's violations and his damages in his Complaint and accurately pleaded for relief.

Plaintiff respectfully asserts that this Honorable Court should strike the Twelfth Defense raised by TMLG, whereas TMLG asserts that Plaintiff has failed to mitigate his damages. TMLG's assertions are baseless and untrue. Upon discovery about the unlawful credit reviews made by TMLG and the remaining Defendants, Plaintiff made multiple requests for TMLG and its codefendants to delete their credit inquiries in order to correct his credit file and avoid further harm to his credit and future denials and loss of financing, without paying for past damages. Plaintiff's communications were good will attempts to mitigate his damages and to resolve the matter amicably with each and every one of the Defendants.

Plaintiff respectfully asserts that this Honorable Court should strike the Thirteenth Defense of Statute of Limitations raised by TMLG. Plaintiff's filing of his complaint against TMLG was made within one year of his discovery of TMLG's credit review inquiries on his reports.  TMLG had failed to inform Plaintiff of its conduct of credit review and attain his authorization prior to such review; Plaintiff had no knowledge of TMLG's credit inquiries and thereby no knowledge of the violation until she obtained a copy of his own credit record. Statutes of limitations generally do not start to run until the violation is made known and Plaintiff is given a fair opportunity and a period of one year to plead his claim.

Plaintiff respectfully asserts that this Honorable Court should strike the Fourteenth Defense raised by TMLG since TMLG's First through Thirteenth Affirmative Defenses fail as a matter of law and/or are insufficient, immaterial, and impertinent to establish adequate deficiencies in Plaintiff's Complaint or justify its conducts and violations. TMLG's answer has failed to create basis as to entitle it to a further Defense of Reservation.

Plaintiff recognizes that the Answer filed by TMLG is likely to create great confusion and cause the Defendants to attempt to introduce evidence and testimony which has no bearing, pertinence, or relevance to the issues in this case.  Further, the defenses raised are legally insufficient and must be stricken.

**PLAINTIFF'S MOTION TO STRIKE SHOULD BE GRANTED**

When considering a Motion to Strike, the Court must treat all well-pleaded facts as admitted and the Court may not consider matters beyond the pleadings. *Florida Software Systems*, 1999 U.S.Dist.Lexis 15294, 1999 Westlaw 781812, at p.1 (U.S.D.C. M.D. Fla. 1999); *Federal Trade Commission v. Ameritel Pay Telephone Distributors, Inc.*, 2000 U.S. Dist.Lexis 9374 (U.S.D.C. S.D. Fla. 2000). Other Courts considering motions to strike answers and defenses raised have considered whether the language to be stricken has no possible relation to the controversy or whether it may confuse the issues or otherwise be prejudicial to a party. *Poston v. American Presidents Lines, Ltd.*, 452 F. Supp. 568, 570 (U.S.D.C. S.D. Fla. 1978). In essence, the Court should consider whether the language sought to be stricken has no possible relation to the controversy, as here where TMLG has repeatedly attempted to assert insufficient defenses. Perhaps even more important is the fact that TMLG has asserted defenses which will create confusion of the issues and complicate discovery and trial preparation. Further, unless stricken prior to trial, the evidence and testimony which TMLG will seek to admit will create confusion and delay in the jury trial. Further, to permit TMLG to put forth evidence and testimony as to insufficient asserted defenses would cause great prejudice to the Plaintiff. Not only would the Plaintiff have to prepare to oppose and defend such proposed evidence and testimony but great delay would be caused in objections on the records.

The United States Fifth Circuit Court of Appeals in *Equal Employment Opportunity Commission v. First National Bank*, 614 F.2d 1004, 1008, (5th Cir. 1980), found that a defense is insufficient as a matter of law if it appears that the defendant cannot succeed under any set of facts which it can prove as framed by the pleadings. The Court found that the same standard used under Rule 12(b) (6) of the Federal Rules of Civil Procedure (for the dismissal for failure to state a claim) should be applied in assessing a Motion to Strike Defenses alleged in an Answer. *Linc. Financial Corp. v. Onwuteaka*, 1995 U.S.Dist.Lexis 17825 (U.S.D.C. N.D. Ill. 1995); *Bobbitt v. Victorian House*, 532 F. Supp. 734 (U.S.D.C. N.D. Ill. 1982).

It should be noted that the Court in *FDIC v. Mijalis*, 1991 U.S.Dist.Lexis 20706 (U.S.D.C. W.D. La. 1991), held that a motion to strike a defense is proper if the defense is "insufficient as a matter of law."  This Court emphasized that striking a defense is appropriate where it will narrow issues or obviate delay or unnecessary discovery.  This Court's position has been consistent with that of the United States Fifth Circuit Court of Appeals.  See *Kaiser Aluminum & Chemical Sales Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 105, 1103 S.Ct. 729 (1983).

## CONCLUSION

Plaintiff respectfully asserts that this Honorable Court should strike the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Defenses put forth by TMLG.  Plaintiff respectfully asserts that they are insufficient as a matter of law and will do nothing more than create unnecessary issues, increase expense and attorney fees, cause delay and unnecessary discovery.  TMLG's Answer to Plaintiff's Complaint does not take into account the specific allegations made in the Complaint but rather raises defenses that are not grounded in law and at best should have been presented in a motion to dismiss Plaintiff's Complaint to allow for an opposition or otherwise an amendment to cure any deficiencies that the court might find in the Complaint.

Dated: June 8, 2012                              Respectfully submitted,

                                                 */s/ Arshak Bartoumian*

                                                 ARSHAK BARTOUMIAN, Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KAREN VAHANYAN, an individual
                Plaintiff, vs.

 UNIFUND CORPORATION, An Ohio
Corporation; THE MOORE LAW
GROUP, A California Company;
REDLINE RECOVERY SERVICES,
LLC, A Georgia Company;
NORTHLAND GROUP, INC., A
Minnesota Corporation; UNITED
COLLECTION BUREAU, INC., An
Ohio Corporation; CONVERGENT
OUTSOURCING a/k/a ER
SOLUTIONS, A Washington
Corporation; SOUTHWEST CREDIT
SYSTEMS, L.P., A Texas Limited
Partnership; ENHANCED RECOVERY
COMPANY, LLC, A Florida Limited
Liability Company; COLLECTION
COMPANY OF AMERICA a/k/a EOS
CCA a/k/a COLLECTO INC., A
Massachusetts Corporation; I.C.
SYSTEM, INC A Minnesota
Corporation;
                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:12-cv-01849-DMG-(CWx)

**[*PROPOSED*] ORDER ON PLAINTIFF
KAREN VAHANYAN'S MOTION TO
STRIKE THE MOORE LAW GROUP'S
ANSWER**

**Date: July 06, 2012
Time: 9:30 a.m
Courtroom: 7 - 2nd Floor
Judge: Hon. Dolly M. Gee**

        CONSIDERING   THE   FOREGOING   MOTION,   MEMORANDUM   IN

SUPPORT, AND ANY RESPONSE OF THE DEFENDANT:

        IT IS HEREBY ORDERED THAT the Plaintiff's Motion to Strike the Answer of THE
MOORE LAW GROUP is GRANTED and the Answer of THE MOORE LAW GROUP is
hereby stricken and this defendant is ordered to re-file their Answer in accordance with the
directions of this Honorable Court.

Dated:_____                    _____
                                        Hon. Dolly M. Gee
                                        Jude of the U.S. District Court

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 WEST STOCKER STREET STE "B"
GLENDALE, CALIFORNIA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KAREN VAHANYAN, an individual
Plaintiff, vs.
UNIFUND CORPORATION, An Ohio
Corporation; THE MOORE LAW
GROUP, A California Company;
REDLINE RECOVERY SERVICES,
LLC, A Georgia Company;
NORTHLAND GROUP, INC., A
Minnesota Corporation; UNITED
COLLECTION BUREAU, INC., An
Ohio Corporation; CONVERGENT
OUTSOURCING a/k/a ER
SOLUTIONS, A Washington
Corporation; SOUTHWEST CREDIT
SYSTEMS, L.P., A Texas Limited
Partnership; ENHANCED RECOVERY
COMPANY, LLC, A Florida Limited
Liability Company; COLLECTION
COMPANY OF AMERICA a/k/a EOS
CCA a/k/a COLLECTO INC., A
Massachusetts Corporation; I.C.
SYSTEM, INC A Minnesota
Corporation;
                    Defendants.

Case No.: 2:12-cv-01849-DMG-(CWx)

**CERTIFICATE OF SERVICE**

**Date: July 06, 2012**
**Time: 9:30 a.m**
**Courtroom: 7 - 2nd Floor**
**Judge: Hon. Dolly M. Gee**

## PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               )
COUNTY OF LOS ANGELES          )

I am and was at the time of service of papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Los Angeles, California and my business address is 124 West Stocker Street Ste B, Glendale, California 91202.

On **June 08, 2012**, I caused to be served the following documents:
**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Glendale, California, with postage thereon fully prepaid, individually, addressed to the parties as indicated below. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).
**The Moore Law Group APC**
**C/O Harvey M. Moore Esq.**
**3710 S. Susan Street, Suite 210**
**Santa Ana, CA 92799**

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile #) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has failed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to Electronic Filing deemed complete upon the transmission of the Notice of Electronic Filing deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 08, 2012                          */s/ Arshak John Akopian*
                                              Arshak John Akopian

**CERTIFICATE OF SERVICE**