Harvey M. Moore, Esq. 101128
Ray Mahdavi, Esq. 247178
The Moore Law Group
3710 S. Susan Street, Suite 210
PO Box 25145
Santa Ana, CA 92799-5145
714-431-2000

Attorneys for Defendant,
The Moore Law Group, APC,
erroneously sued as The Moore Law Group,
A California Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| KAREN VAHANYAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UNIFUND CORPORATION, An Ohio Corporation; THE MOORE LAW GROUP, A California Company; REDLINE RECOVERY SERVICES, LLC, A Georgia Company; NORTHLAND GROUP, INC., A Minnesota Corporation; UNITED COLLECTION BUREAU, INC., An Ohio Corporation; CONVERGENT OUTSOURCING a/k/a ER SOLUTIONS, A Washington Corporation; SOUTHWEST CREDIT SYSTEMS, L.P., A Texas Limited Partnership; ENHANCED RECOVERY COMPANY, LLC, A Florida Limited Liability Company; COLLECTION COMPANY OF AMERICA a/k/a EOS CCA a/k/a COLLECTO INC., A Massachusetts Corporation; I.C. SYSTEM, INC A Minnesota Corporation;<br><br>Defendants. | Case No. 2:12-cv-01849-DMG-CW<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER OF THE MOORE LAW GROUP, APC**<br><br>DATE:   July 6, 2012<br>TIME:   9:30 a.m.<br>CRTRM: 7<br><br>JUDGE: Dolly M. Gee |

-------------------------------------------------------

-1-

OPPOSITION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff, Karen Vahanyan ("Vahanyan") has filed a baseless Motion to Strike the Answer to the Complaint filed by Defendant, The Moore Law Group, APC ("MLG"), without presenting any sufficient legal or factual argument that MLG has presented any affirmative defenses that are insufficient or immaterial, and have no possible bearing to this action, to justify a FRCP Rule 12(f) Motion to Strike.

**Additionally, Vahanyan has failed to meet and confer with MLG regarding the substance of this motion in violation of the** *Conference of Counsel Prior to Filing Motions*, **Local Rule 7-3.**

## II. Factual/Procedural History

Vahanyan's entire Complaint against MLG is based on the allegation that MLG did not have a permissible purpose to run Vahanyan's credit report, and therefore the running of the credit report was a violation of collection statutes – the Fair Debt Collections Practices Act, the Rosenthal Fair Debt Collections Practices Act, and credit reporting statutes – the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Agency Act; and that the pulling of the credit report was Defamation and an Invasion of Privacy.

Vahanyan had defaulted on a Discover credit card account ending 9048 ("Account") and a delinquent balance is due on the Account. There is now a judgment entered against Vahanyan in the related Los Angeles Superior Court Case No. 11C00741, in the amount of $9,149.32.

Discover had assigned MLG the Account for collection. In connection with the collection of the Account, on or about October 6, 2010, MLG had pulled Vahanyan's credit report.

The Fair Credit Reporting Act, 15 USC Section 1681b(a)(3)(A), clearly allows for a consumer reporting agency to furnish a credit report to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or **review or collection of an account,** of the consumer; or..."

As such, on or about May 21, 2012, MLG filed its Motion for Summary Judgment which is currently set for hearing on July 13, 2012.

Additionally, on or about June 5, 2012, MLG also filed its Rule 11 Sanctions Motion which is also currently set for hearing on July 13, 2012.

Thereafter, Vahanyan filed her baseless Motion to Strike MLG's Answer to the Complaint.

### III.  Legal Standard

Federal Rules of Civil Procedure Rule 12(f) allows a Court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

The Court in *Weddle v. Bayer AG Corporation* (2012, S.D. Cal.) 2012 WL 1019824, stated:

> "However, motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. **Moreover, the motion should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on issue in the litigation, the court should deny the motion.** *citing Platte Anchor Bolt, Inc. v. IHI, Inc.* (2004, N.D. Cal.) 352 F.Supp.2d 1048, 1057 (Emphasis Added).

### IV. Vahanyan Has Failed To Show How MLG's Affirmative Defenses In Its Answer Have No Possible Bearing In This Action Required Under FRCP Rule 12(f)

All of MLG's affirmative defenses relate to the subject matter of the litigation and Vahanyan has failed to show how each affirmative defense could have no possible bearing on this action.

First, Vahanyan claims that the First Affirmative Defense of Failure to State a Claim should be stricken due to the fact that MLG filed an Answer to the Complaint instead of moving for a Rule 12(b)(6) Motion to Dismiss.

Vahanyan has failed to provide any authority that a Failure to State a Claim affirmative defense would require a party filing a Motion to Dismiss. Clearly, MLG's position is that Vahanyan's Complaint fails to state a claim for relief, and thus it filed its Motion for Summary Judgment and Rule 11 Sanctions Motion against Vahanyan.

As to the Second Affirmative Defense, MLG states it has a statutory exception to pull Vahanyan's credit report under the FCRA. Vahanyan seems to attempt to argue that MLG has not stated facts in its Answer on how it satisfies the permissible purpose under the Act. MLG has clearly stated its position in its Summary Judgment Motion and Rule 11 Sanctions Motion. Vahanyan once again, fails to state any authority in which MLG is required to present such detailed arguments in its Answer.

Vahanyan then attempts to state that MLG did not act in Good Faith or act with Justifiable Conduct to satisfy its Third and Fourth Affirmative Defense. If MLG's position is that it pulled Vahanyan's credit report with a permissible purpose, then it is its position that it acted in good faith and justifiably.

Additionally, it is MLG's position that Vahanyan cannot obtain damages in this action and therefore it alleges an affirmative defense of lack of proximate

cause and that any damages resulted from Vahanyan's own fault, the failure to pay the debt causing collection activity (Fifth-Eighth Affirmative Defense).

MLG further asserts a Ninth Affirmative Defense stating that Vahanyan acted in bad faith in bringing the lawsuit. MLG communicated its position to Vahanyan in a Safe Harbor letter pursuant to FRCP Rule 11, requesting that Vahanyan dismiss her Complaint against MLG. Vahanyan refused and therefore MLG asserts that she continues this lawsuit in bad faith.

MLG also asserts a Tenth Affirmative Defense for Failure to State Facts an Eleventh Affirmative Defense for Failure to Plead Damages, as it is MLG's position that Vahanyan's entire Complaint fails to state facts to constitute any cause of action against MLG and therefore fails to properly plead any damages sustained therefrom.

MLG's Twelfth Affirmative Defense asserts that Vahanyan failed to mitigate her damages. It is more than plausible that Vahanyan did not follow proper procedures under the applicable claimed statutes, such as the FCRA, in regards to properly disputing items on her credit profile. It is even more plausible that Vahanyan failed to mitigate her damages by not keeping her Account current which ultimately caused the collection activity on her Account she complains of.

As to MLG's Thirteenth Affirmative Defense for Statute of Limitations, to the extent that Vahanyan has plead any violation beyond the applicable statute of limitations, Vahanyan's claims are barred. Vahanyan cannot make the argument that any allegation in her Complaint is certain to fall within any statute of limitations to rule out a party bringing such a standard affirmative defense in its Answer.

The Fourteenth Affirmative defense is merely a reservation for possible future affirmative defenses that would be discovered through litigation in this matter.

**As such, it is very clear that each affirmative defense stated in MLG's Answer has a bearing on this action. It is only when there is no possible correlation with the affirmative defense to the litigation, should an affirmative defense be stricken by the Court.**

### V. Conclusion

Based on the above and Vahanyan's baseless Motion to Strike, including Vahanyan's failure to meet and confer pursuant to Local Rules, the motion should be denied in its entirety with prejudice.

Dated: June 14, 2012

The Moore Law Group, APC

By: _____
Ray Mahdavi
Attorneys for MLG

# CERTIFICATE OF SERVICE

I, Ray Mahdavi, do hereby certify that on June 14, 2012, a copy of the forgoing document was sent by U.S. Mail to:

Arshak Bartoumian, Esq.
Omnia Legal Inc.
124 West Stocker Street, Suite B
Glendale, CA 91202

Attorneys for Plaintiff, Karen Vahanyan

_____
RAY MAHDAVI