1  Harvey M. Moore, Esq., CSB 101128
2  Terri Lazo, Esq., CSB 228663
   The Moore Law Group,
3  A Professional Corporation
   3710 S. Susan Street, Suite 210
4  PO Box 25145
5  Santa Ana, CA 92799
   (714) 431-2000
6

7  Attorneys for Defendant
8  The Moore Law Group, A.P.C.

9              UNITED STATES DISTRICT COURT
10
11             CENTRAL DISTRICT OF CALIFORNIA

12
13  KAREN VAHANYAN, an individual     )   Case No. 2:12-cv-01849- DMG-(CWx)
                                      )
14              Plaintiff,            )
        vs.                           )
15                                    )   **REPLY IN SUPPORT OF**
16  UNIFUND CORPORATION, An Ohio      )   **DEFENDANT THE MOORE LAW**
    Corporation; THE MOORE LAW GROUP, )   **GROUP, APC'S MOTION FOR**
17  A California Company; REDLINE     )   **SUMMARY JUDGMENT**
    RECOVERY SERVICES, LLC, A Georgia )
18  Company; NORTHLAND GROUP, INC.,   )
    A Minnesota Corporation; UNITED   )
19  COLLECTION BUREAU, INC., An Ohio  )
    Corporation; CONVERGENT           )
20  OUTSOURCING a/k/a ER SOLUTIONS, A )
    Washington Corporation; SOUTHWEST )
21  CREDIT SYSTEMS, L.P., A Texas Limited )
    Partnership; ENHANCED RECOVERY    )
22  COMPANY, LLC, A Florida Limited   )
    Liability Company; COLLECTION     )
23  COMPANY OF AMERICA a/k/a EOS      )
    CCA a/k/a COLLECTO INC., A        )
24  Massachusetts Corporation; I.C. SYSTEM, )
25  INC A Minnesota Corporation;      )
                                      )   Hearing Date: July 13, 2012
26              Defendants.           )   Time:  9:30 a.m.
                                      )   Courtroom: 7 – Second Floor
27                                    )   Judge: Hon. Dolly M. Gee
28                                    )
   _____)
                                      1
                Reply in Support of TMLG's Motion for Summary Judgment

Although Plaintiff Karen Vahanyan ("Plaintiff") did not file an Opposition to TMLG's pending Motion for Summary Judgment ("Motion") and TMLG has filed a Notice regarding Plaintiff's Failure to file an Opposition ("Notice"), in an abundance of caution and in light of Plaintiff's filing an untimely, improperly noticed, and without prior meet and confer Cross-Motion for Summary Judgment ("Cross-Motion"), which is not an Opposition to TMLG's Motion, TMLG files this Reply in Support of its Motion.

A motion for summary judgment by its very functionality pierces the pleadings and puts the Plaintiff to the test of affirmatively coming forward with sufficient evidence for its claims or defenses to create a genuine issue for trial. *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325. "A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Summary judgment is to be rendered forthwith when one party is unable to show a genuine issue as to material fact on which that party will bear the burden of proof at trial. *Department of Commerce v. U.S. House of Representatives* (1999) 525 U.S. 316.

In her Complaint and in her Cross-Motion, Plaintiff fails to plead facts to support her Complaint's allegations other than mere conclusive statements that TMLG had no permissible purpose to run Plaintiff's credit report, no permission to run Plaintiff's credit report, that the alleged running of Plaintiff's credit report constituted false representation and deceptive means and unfair and unconscionable means used in the collection of a debt, that the alleged credit inquiries were defamatory and libel per se, that Plaintiff's right to

privacy was violated in the alleged running of the credit report and that such alleged credit inquiry showing on his report places him in a false light before others, and that TMLG failed to provide proper notice of debt collection and right to request verification.

In her improperly noticed and without prior meet and confer Cross-Motion, Plaintiff asserts at length that since TMLG was not Plaintiff's actual creditor, TMLG could not have a permissible purpose in running her credit report under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681(b), ("§1681b").  Plaintiff asserts no statutory or case law support for such a claim and misinterpretation of the law.  TMLG asserts that the reason that Plaintiff pleads no legal support for her claims is because there is none.  Nothing in §1681b requires the party pulling the credit to be the original creditor in order to have a permissible purpose to do so.  It is a matter of law that the §1681b specifically allows a collection law firm such as TMLG to pull a debtor's credit report in connection with collecting on a delinquent credit card account. To qualify under the permissible purpose standard for the pulling of a credit report under §1681b(a), the "credit transaction" must both (1) be a credit transaction involving the consumer on whom the information is to be furnished and (2) involve the extension of credit to, *or review or collection of an account of,* the customer.  Plaintiff's FCRA claim is barred as a matter of law since the statutes she alleges were violated, §1681b and California Credit Reporting Agencies Act §1785.11, specifically allow for TMLG to have inquired into Plaintiff's credit in the matter at hand, and summary judgment should be granted in TMLG's favor dismissing these claims.

In regards to her Fair Debt Collection Practices Act ("FDCPA") §1692 et seq. allegation, Plaintiff merely asserts that the notice provided by TMLG was insufficient because it was allegedly not mailed and if it was mailed and not received, it was untimely because it was subsequent to the alleged pulling of Plaintiff's credit report by TMLG. First of all, it is a well established legal principle that if a letter is mailed via the U.S. Mail and is not returned nondeliverable, it is presumed to have been received.

FDCPA §1692g(a) provides in pertinent part: "within five days after the initial communication with a consumer in connection with the collection of any debt..." Not only is the pulling of a credit report not an initial communication under the FDCPA, nor does Plaintiff pled that it was, and thus does not trigger §1692g(a) and its notice requirements in the present case and therefore Plaintiff's claim under the FDCPA fails as a matter of law; §1692g(a) itself allows for the initial demand letter to be subsequent to, within five days, and not prior to an initial communication. So, even if the law held that the pulling of a credit report was an initial communication, Plaintiff's claim would still fail as a matter of law since TMLG sent its initial demand letter to Plaintiff via U.S. Mail within days of the alleged pulling of Plaintiff's credit report. But the law does not support any argument or assertion that the pulling of a credit report is an initial communication under the FDCPA, nor does is there any statutory or case law authority for Plaintiff's assertions that an initial demand letter must be mailed prior to the pulling of a credit report. Plaintiff's FDCPA claims fail as a matter of law.

Plaintiff's Complaint also alleges violation of the Rosenthal Act §1788.17. However, TMLG is a law firm and thus exempt from liability under the Rosenthal Act. The definition of "debt collector" under *California Civil Code* Section 1788.2(c) expressly excludes "an attorney or counselor at law." *Owings v. Hunt & Henriques, et al.* 2010 WL 3489342 (S.D.Cal.). Therefore, Plaintiff's claims for violation of the Rosenthal Act fails as a matter of law and TMLG should be granted summary judgment dismissing the claim.

Furthermore, an attorney retained by a client seeking to collect on a debt is not a 'consumer reporting agency' as contemplated by the FCRA or the CCRAA. *Ditty v. CheckRite, Ltd., Inc.* 973 F.Supp. 1320, 1332-33 (D. Utah 1997). TMLG is a law firm and is not in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. As such, TMLG is not a 'credit reporting agency' as defined by the FCRA nor under the CCRAA.

Plaintiff herself actually pleads that TMLG is a law firm that was retained to sue on the account and therefore not really a party seeking to collect on a debt when it allegedly ran her credit report. Plaintiff has shot herself in the foot making such an argument as not only is it not logical and not supportive of her FCRA claims, it also negates her FCRA and CCRAA claims as she herself is pleading that TMLG is not a consumer reporting agency but is instead a law firm. TMLG did not take 'adverse action' as defined by §1681k against Plaintiff based on the report. As a result, TMLG was not a 'user of information' as

contemplated by the FCRA.  TMLG is not a credit reporting agency nor a furnisher of information to them, and therefore not liable under the CCRAA either.

Plaintiff also fails to state what actions by Defendant constitute the intentional tort of invasion of privacy.  In *Marseglia vs. JP Morgan Chase Bank*, the Court found that letters and telephone calls to the debtor by the creditor did not constitute an invasion of privacy because there was no legal authority that such intruded into a private place. (US Dist Ct, S.D. CA, 2010) 2010 WL 4595549, at 3.  In the case at hand, Plaintiff alleges that the pulling of her credit report constitutes Invasion of Privacy.  Not only is there no legal authority or support for such, Plaintiff also fails to even plead that the action actually intruded into a private place.  It is not an invasion of privacy that shocks a reasonable objective man, to have one's credit report run in connection with an owing and defaulted upon debt and its collection; nor does such action cast Plaintiff in a false light.  Running of a credit report with a permissible purpose does not constitute an invasion of privacy and TMLG respectfully submits that it is entitled to summary judgment as to Plaintiff's claim for invasion of privacy and that it should be dismissed.

Likewise, Plaintiff's claim of Defamation – Libel is also without legal authority and/or support, and fails as a matter of law.  TMLG is also not a credit reporting agency itself, and therefore is not the entity actually reporting anything about Plaintiff.  Therefore, TMLG has not published anything about Plaintiff and he Complaint's defamation – libel claim for relief fails as a matter of law since such defamation is written and TMLG has

written nothing about Plaintiff on his credit report. Furthermore, Plaintiff actually pleads that TMLG obtained a credit report from credit reporting agencies and not that it furnished a credit report as a credit reporting agency. Plaintiff's claim fails as a matter of law and summary judgment should be granted in TMLG's favor.

Plaintiff owes on her Discover account ("Account") and defaulted on it. TMLG ran her credit in direct connection with collection of the Account. It is Plaintiff who has put herself in a possible negative light by virtue of her failure to pay her credit card bills and to allege that TMLG is the source of her reputation and credit worthiness decreasing, is ludicrous, particularly in light of the fact that TMLG did not report anything on Plaintiff.

Plaintiff's evidence taken as a whole fails to meet the controlling evidentiary standard, such that a jury verdict for Plaintiff could not be sustained. *Anderson v. Liberty Lobby, Inc.,* (1986) 477 U.S. 242, 252-254. "The ruling on a motion for summary judgment...necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits...In ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson,* supra, 477 U.S. 242, 252-254.

///

///

///

///

For the foregoing reasons, TMLG respectfully requests that the Court grant its Motion for Summary Judgment.

Respectfully Submitted,

Dated:   June 29, 2012                                       The Moore Law Group, APC

                                                             By:   _____
                                                             Harvey M. Moore
                                                             Terri Lazo
                                                             Attorneys for Defendant
                                                             The Moore Law Group, APC

## CERTIFICATE OF SERVICE

I, Terri Lazo, do hereby certify that on June 29, 2012, a copy of the forgoing document and Exhibit thereto were electronically served via the CM/ECF system on:

Arshak Bartoumian, Esq.
Omnia Legal, Inc.
124 W Stocker Street, Suite B
Glendale, CA 91202
Attorney for Plaintiff

_____
TERRI LAZO