UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |

| | | | |
|---|---|---|---|
| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  (IN CHAMBERS) ORDER GRANTING DEFENDANT THE MOORE LAW GROUP'S MOTION FOR SUMMARY JUDGMENT [DOC. # 12] AND DENYING DEFENDANT THE MOORE LAW GROUP'S MOTION FOR SANCTIONS [DOC. # 15]**

This matter is before the Court on the (1) motion for summary judgment [Doc. # 12] and (2) motion for sanctions pursuant to Fed. R. Civ. P. 11 [Doc. # 15] filed by Defendant The Moore Law Group, A.P.C. ("Defendant"). On July 12, 2012, the Court distributed a tentative ruling to the parties. On July 13, 2012, the Court held a hearing.[1] Having duly considered the respective positions of the parties, as presented in their briefs and at oral argument, the Court now renders its decision.

Plaintiff initiated this action by filing a complaint on March 8, 2012 alleging the following six claims:  (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*; (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1601 *et seq.*; (4) violation of California's Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.11; (5) defamation – libel; and (6) invasion of privacy / false light.

On May 21, 2012, Defendant filed a motion for summary judgment. [Doc. # 12.]  On June 25, 2012, Defendant filed a notice of Plaintiff's failure to file an opposition and request for sanctions.  [Doc. # 26.]  On June 29, 2012, Defendant filed a reply in support of its motion for summary judgment.  [Doc. # 28.]  On July 5, 2012, Plaintiff late-filed an opposition to Defendant's motion.  [Doc. # 32.]

---

[1] Theresa Lazo, Esq. appeared on behalf of Defendant.  No appearance was made on behalf of Plaintiff.  On the morning of July 13, 2012, the Court received a telephone message from Plaintiff's counsel stating that he submitted on the Court's tentative ruling.  Ms. Lazo stated at the hearing, however, that, in her email communications with Plaintiff's counsel, he never informed her that he was not planning to appear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|
| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 2 of 8 |

On June 5, 2012, Defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 11. [Doc. # 15.] Plaintiff filed an opposition on June 20, 2012. [Doc. # 22.] Defendant filed a reply on June 22, 2012. [Doc. # 24.]

I.      **FACTUAL BACKGROUND**

In or around November 1, 2011 and December 10, 2011, Plaintiff obtained his credit reports and found that his personal financial and credit information was pulled and reviewed by "Moore" on October 6, 2010, without Plaintiff's knowledge or authorization. (Compl. ¶¶ 2, 6.) Plaintiff learned that Defendants are collection agencies in the business of collecting consumer debts. (*Id.* ¶ 3.)

According to Plaintiff, "at some point Defendants must have tried to purchase debts alleged to be owed by Plaintiff, considering purchasing debts alleged to be owed by plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on." (*Id*. ¶ 4.) "At no point prior to the credit reviews did Plaintiff know of any such debts confirmed or alleged by Defendants to be the responsibility of Plaintiff." (*Id*.)

Defendant, on the other hand, states that it pulled Plaintiff's credit report one time, on October 6, 2010 "with a permissible purpose as associated with the collection of Plaintiff's defaulted Discovery credit card account currently ending 9048 ("Account")." (Moore Decl. ¶ 4.) "The one and only time [Defendant] pulled Plaintiff's credit report, it was for the use of information in connection with a credit transaction involving Plaintiff and involving the review or collection of Plaintiff's Account." (*Id.* ¶ 6.)

"Defendant mailed an initial demand letter to Plaintiff on or about October 8, 2010 ("Letter") which gave her [sic] full and proper notice of what debt [Defendant] was seeking collection on and her [sic] right to request verification or validation of the same within 30 days." (*Id.* ¶ 7.) The Letter was the first communication and contact between [Defendant] and Plaintiff regarding the Account. (*Id.* ¶ 8.) "The Letter detailed out: the debt owing; the name of the creditor to whom it was owing; informed Plaintiff he had 30 days in which to dispute the debt in whole or in part; that if the debt or any portion thereof was disputed within the 30 days, verification would be provided; if the debt was not disputed it would be presumed valid; and that the name and address of the original creditor, if different from the current creditor, would be provided upon request within the same 30 day period of time." (*Id.* ¶ 9.)

Plaintiff alleges that, on or about November 1, 2011 and December 10, 2011, he sent letters to each credit reporting agency, addressing the unauthorized credit reviews. (Compl. ¶ 9.)

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|

| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 3 of 8 |
|---|---|---|---|

On those same dates, Plaintiff sent letters to each of the Defendants requesting their permissible purposes under the FCRA. (*Id.* ¶ 10.) Defendants failed to answer Plaintiff's request. (*Id.* ¶ 11.) On or about December 7, 2011, December 23, 2011, and January 15, 2012, Plaintiff sent follow up letters to Defendants. (*Id.* ¶ 12.) Defendants continue to maintain the record of unauthorized credit inquiries on Plaintiff's credit records. (*Id.* ¶ 13.)

According to Defendant, there is a judgment in the amount of $9,149.32 ordered against Plaintiff in the Los Angeles County Superior Court, Case No. 11C00741. (Moore Decl. ¶ 11.)

**II.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    **A.     Legal Standards Governing Motions for Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Partial summary judgment may be sought on any claim or defense, or part thereof, and the court may grant less than all of the relief requested by the motion. *See* Fed. R. Civ. P. 56(a), (g).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, Rule 56(c) requires the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e) (1986)); *see also Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (*en banc*) ("Rule 56 requires the parties to set out facts they will be able to prove at trial."). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|

| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 4 of 8 |
|---|---|---|---|

    **B.**    <u>Discussion</u>

        **1.**    <u>**Plaintiff's First and Second Causes of Action for Violations of the FDCPA and RFDCPA**</u>

    In his first and second causes of action, Plaintiff alleges that Defendant violated the FDCPA and RFDCPA by failing to provide the required disclosures and using false representations or unfair means to collect alleged debts, or both. Defendant argues, *inter alia,* that Plaintiff's claims fail because (a) the Letter that Defendant sent on October 8, 2010 satisfied all notice and disclosure requirements under the FDCPA, (b) Defendant is exempt from liability under the RFDCPA, and (c) both of Plaintiff's FDCPA and RFDCPA claims are time-barred by the applicable statutes of limitation.

    First, Defendant presents uncontroverted evidence that, on October 8, 2010, it sent Plaintiff a letter detailing: the debt owing; the name of the creditor to whom it was owing; informed Plaintiff she had 30 days in which to dispute the debt in whole or in part; that if the debt or any portion thereof was disputed within the 30 days, verification would be provided; if the debt was not disputed it would be presumed valid; and that the name and address of the original creditor, if different from the current creditor, would be provided upon request within the same 30 day period of time. (Moore Decl. ¶¶ 8-9.) In his late opposition, Plaintiff denies receiving the October 8, 2010 letter, but presents no evidence in support thereof. The Court finds that the Letter satisfies the requirements of 15 U.S.C. §1692g.[2]

---

[2] Section 1692g(a) provides as follows:
    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 5 of 8 |

Second, Cal. Civ. Code § 1788.2(c) expressly excludes "an attorney or counselor at law" from the definition of a "debt collector." Cal. Civ. Code § 1788.2(c); *see also Carney v. Rotkin, Schmerin & McIntyre,* 206 Cal. App. 3d 1513, 1526, 254 Cal. Rptr. 478 (1988). Defendant is a law firm and contacted Plaintiff in its capacity as the law firm retained by Discover Bank to collect its claim against Plaintiff for the balancing owing on his Discover Card account. (Moore Decl. ¶¶ 3, 7, Ex. 1.) The Court finds that, as a matter of law, Defendant cannot be liable under the RFDCPA.

In addition, both the FDCPA and RFDCPA require that actions be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also* Cal. Civ. Code § 1788.30(f) ("Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation"). "[A] limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 940 (9th Cir. 2009). Here, Plaintiff's complaint alleges that Defendant pulled his credit report on October 6, 2010, without his knowledge or authorization. Yet, this action was filed on March 8, 2012. Thus, even on the face of his complaint, his claims are time-barred.

As such, the Court GRANTS Defendant's Motion as to Plaintiff's first and second causes of action.

> **2.      Plaintiff's Third and Fourth Causes of Action for Violations of the FCRA and the CCCRAA**

In his third and fourth causes of action, Plaintiff alleges that Defendant violated the FCRA and CCCRAA by obtaining and reviewing his credit report without having a permissible purpose required under 15 U.S.C. § 1681b or Cal. Civ. Code § 1785.11. Defendant argues that Plaintiff's claims fail because it was collecting on a valid debt voluntarily entered into by Plaintiff.

---

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|

| Title | ***Karen Vahanyan v. Unifund Corporation, et al.*** | Page | 6 of 8 |
|---|---|---|---|

Section 1681b provides that:

> any consumer reporting agency may furnish a consumer report . . . to a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, <u>or review or collection of an account of</u>, the consumer.

15 U.S.C. § 1681b (a)(3)(A) (emphasis added).  Section 1785.11 of the California Civil Code provides for substantially the same.  *See* Cal. Civ. Code § 1785.11(a)(3)(A).

Defendant presents evidence that it accessed Plaintiff's credit report one time, on October 6, 2010, for the purpose of obtaining information to collect on Plaintiff's Discover credit card ending in 9048, on which Plaintiff had defaulted.  (Moore Decl. ¶¶ 4, 6.)  Plaintiff argues that that Defendant pulled Plaintiff's credit report "at least twice on October 6, 2010 and both of those inquiries were made without a permissible purpose," (Pl.'s Sep. Stmt. at 2), but fails to present any controverting evidence or authority in support of his position.

As Plaintiff fails to raise any genuine issue of material fact as to whether Defendant had a permissible purpose under the FCRA and the CCCRAA for reviewing Plaintiff's credit, the Court finds that no reasonable jury could find that Defendant violated either of these statutes.  The Court therefore GRANTS Defendant's Motion as to the third and fourth causes of action.

### 3. <u>Plaintiff's Fifth and Sixth Causes of Action for Defamation and Invasion of Privacy</u>

In his fifth cause of action, Plaintiff alleges that Defendant's alleged unauthorized credit inquiry constitutes libel *per se*.  In his sixth cause of action, he alleges that Defendant's actions violated his right of privacy and placed him in a false light.

First, the tort of defamation requires a showing that the defendant published a false and defamatory statement that is unprivileged and has a natural tendency to injure or causes special damage.  *Taus v. Loftus*, 40 Cal. 4th 683, 720, 54 Cal. Rptr. 3d 775 (2007).  Defamation comprises both libel, which generally involves a written or printed publication, and slander, which requires an orally uttered publication. *See* Cal. Civ. Code §§ 44-45, 46.  Libel *per se* involves a communication that on its face defames the plaintiff without need for further explanation. *See* Cal. Civ. Code § 45a; *Clarke v. Fitch*, 41 Cal. 472, 473 (1871).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|
| Title | ***Karen Vahanyan v. Unifund Corporation, et al.*** | Page | 7 of 8 |

Here, Plaintiff fails to present any evidence that Defendant published a false and defamatory statement about Plaintiff.

Moreover, a claim of false light is:

> based on publicity that places a plaintiff before the public in a false light that would be highly offensive to a reasonable person, and where the defendant knew or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed.

*Price v. Operating Eng'rs Local Union No. 3*, 195 Cal. App. 4th 962, 970, 125 Cal. Rptr. 3d 220 (2011). Plaintiff also fails to present any evidence that Defendant placed him in a false light or that Defendant acted in reckless disregard as to the falsity of any publicized matter.

As such, the Court finds that no reasonable jury could find that Defendant is liable for either defamation or invasion of privacy. The Court GRANTS Defendant's Motion as to Plaintiff's fifth and sixth causes of action.

### 4. Defendant's Request for Attorney's Fees

In its notice of Plaintiff's failure to file an opposition to its Motion, Defendant asks for actions against Plaintiff in the amount of $3,355, plus costs, for the time it incurred defending Plaintiff's complaint and filing its Motion. The Court finds no basis to sanction Plaintiff for his failure to timely oppose Defendant's Motion and denies Defendant's request.

### III. DEFENDANT'S MOTION FOR SANCTIONS

In its separate motion for sanctions, Defendant asks the Court to sanction Plaintiff pursuant to Fed. R. Civ. P. 11 for "failing to reasonably investigate claims before filing a Complaint with the Court, and for persisting in pursuing meritless claims, even after the absence of merit was provided to them." (Def.'s Mot. at 11.) Defendant seeks sanctions in the amount of $3,162.50 for attorney's fees for hours preparing the motion for sanctions, the motion for summary judgment, and attending the hearings for both motions.

Rule 11 authorizes a court to impose sanctions where a party presents a pleading for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01849 DMG (CWx)** | Date | July 13, 2012 |
|---|---|---|---|
| Title | *Karen Vahanyan v. Unifund Corporation, et al.* | Page | 8 of 8 |

litigation, offers frivolous legal arguments, or makes factual assertions without evidentiary support. *See* Fed. R. Civ. P. 11.

In support of its motion for sanctions, Defendant essentially uses the very same arguments it presents in support of its motion for summary judgment. As discussed *supra,* the Court finds that Defendant has prevailed on all claims filed against it by Plaintiff. The fact that Defendant believes that Plaintiff's claims are meritless, or even that Defendant has ultimately disposed of all of Plaintiff's claims against it, is not enough to justify the imposition of sanctions against Plaintiff for filing the claims. Defendant presents no evidence that Plaintiff filed the action in bad faith or with any improper purpose or that Plaintiff intended to make any misrepresentations to the Court.

Accordingly, the Court DENIES Defendant's motion for sanctions.

**IV.   CONCLUSION**

In light of the foregoing:

1. Defendant's motion for summary judgment is **GRANTED**;

2. Defendant's motion for sanctions is **DENIED**; and

3. Plaintiff's counsel is ORDERED TO SHOW CAUSE ("OSC") why sanctions should not be imposed against him for his failure to timely notify opposing counsel of his decision to waive oral argument and to submit on the Court's tentative. By no later than July 20, 2012, Defendant's counsel shall file a declaration regarding the fees and costs incurred as a result of her unnecessary appearance for the hearing on Defendant's motions. Plaintiff's counsel shall file his written response to the OSC no later than **July 27, 2012**.

**IT IS SO ORDERED.**